**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRA CHAVARRIAGA, | |
| Petitioner, | Civil Action No.: 12-7700 (MAS) |
| v. | **MEMORANDUM OPINION** |
| GARY M. LANIGAN, | |
| Respondent. | |

**SHIPP, District Judge**

      This matter is before the Court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by counsel for Petitioner Alexandra Chavarriaga ("Petitioner"), challenging Petitioner's May 21, 2009 New Jersey state court judgment of conviction.  In addition, Petitioner seeks immediate release from prison on the ground that her sentence of confinement has been completed and Petitioner is being held beyond the expiration of her sentence.  For the reasons stated below, this Court will stay Petitioner's habeas claim seeking relief from her judgment of conviction under 28 U.S.C. § 2254, while Petitioner exhausts her state court remedies.  However, Petitioner's habeas claim seeking immediate release from custody on the ground that her prison sentence has expired shall proceed at this time, and the Court will direct Respondent to answer the claim asserted in Count I of the petition in an expedited time frame.

I. **BACKGROUND**

According to the allegations contained in the petition, Petitioner is a state inmate presently confined at the Edna C. Mahan Correctional Facility for Women ("Mahan Facility") in Clinton, New Jersey, serving a seven year prison term imposed by the Superior Court of New Jersey, Somerset County, pursuant to a judgment of conviction entered on or about May 21, 2009. (Petition ¶¶ 2, 3, 22, ECF No. 1.) Petitioner states that there was no trial because she had pled guilty to all counts of the indictment. (*Id.* ¶¶ 22.5 and 22.6.) She further alleges that she had asked her retained counsel to file a direct appeal, which he failed to do. (*Id.* ¶ 22.8.)

It appears that Petitioner filed a petition in state court seeking post-conviction relief ("PCR") on grounds of ineffective assistance of counsel. (*Id.* ¶ 22.11(a)(3).) Specifically, Petitioner claims that her counsel provided "ineffective assistance and misinformation" that "induced [Petitioner's] improvident guilty plea." (*Id.* ¶ 22.12(A).) Petitioner also asserts that counsel failed to undertake a reasonable investigation to prepare a defense or to challenge the restitution demanded. (*Id.* ¶¶ 22.12(B) and (C).) Petitioner states that her PCR petition was denied on February 3, 2011, and she appealed from that decision to the Superior Court of New Jersey, Appellate Division. Currently, Petitioner states that her petition for certification to the Supreme Court of New Jersey is pending. (*Id.* ¶ 22.19(d).)

In Count II of her Petition, Petitioner challenges her conviction on the same grounds of ineffective assistance of counsel. Petitioner acknowledges that her habeas petition under § 2254 is not fully exhausted as required under § 2254(b)(1)(A), because her state PCR petition is still pending review before the Supreme Court of New Jersey. (*Id.* at 2.) ("... Petitioner's entitlement to relief under 28 U.S.C. § 2254 is not yet ripe.") However, she brings this action now because

2

her full sentence may be completed before the Supreme Court of New Jersey renders a decision, and Petitioner seeks to preserve jurisdiction under § 2254 should she be released from custody before her state court review is fully exhausted. (*Id.*)

In Count I of her Petition, Petitioner contends that she is being confined beyond the expiration of her prison term. As stated above, Petitioner was sentenced on May 21, 2009 to a seven year prison term. In Exhibit A attached to the Petition, Petitioner alleges that, as of October 31, 2012, the State calculated that the confinement portion of Petitioner's sentence will be complete on May 7, 2013. (Petition, Ex. A.) This Court takes judicial notice of the New Jersey Department of Corrections website for offender searches which shows that Petitioner's current maximum release date is May 2, 2013, a variance of five days in Petitioner's favor. See https://www6.state.nj.us/DOC_Inmate.

However, Petitioner now claims that Respondent has failed to restore credits lost as a result of a wrongful prison disciplinary action that was overturned on November 2, 2012, after a remand for a rehearing from the Appellate Division. (Petition, ¶¶ 5, 10.) In particular, Petitioner alleges that she accumulated 11 days of commutation time per month for the eleven months she was confined to maximum security at Garrett House because of the wrongful disciplinary action, but only received 4 days per month. (*Id.* ¶ 12.) Further, Petitioner alleges that she accumulated 5 days per month of minimum time while confined at Garrett House, but received no credit for minimum time from Respondent due to the wrongful prison disciplinary action. (*Id.* ¶ 13.) Petitioner also claims that, because of her confinement at Garrett House, her accumulation of work credits dropped substantially. (*Id.* ¶¶ 13-14.)

In sum, Petitioner alleges that a total of 77 days of commutation credits, 55 days of minimum time credits, and an unspecified number of work credits were wrongfully withheld from her that would have reduced her maximum release date by at least 132 days. (*Id.* ¶ 16.) Specifically, Petitioner contends that her mandatory release date would be no later than December 27, 2012, or earlier if additional commutation and minimum time credits are added for the months of November 2012 and December 2012. (*Id.* ¶¶ 15, 16, 17.) Consequently, Petitioner alleges that she is being held beyond the expiration of her maximum release date and seeks her immediate release from prison.

## II. ANALYSIS

### A. Exhaustion Analysis of Section 2254 Claims

Generally speaking, exhaustion of state remedies is a necessary prerequisite to a federal habeas petition. More specifically, 28 U.S.C. § 2254 provides, in pertinent part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)   (i) there is an absence of available State corrective process; or
>           (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. *See also Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), *cert. denied*, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). As noted above, Petitioner has not fully exhausted her ineffective assistance of

4

counsel claims asserted here because her petition for certification is still pending before the Supreme Court of New Jersey.

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. *Rose v. Lundy*, 455 U.S. at 522; *Banks v. Horn*, 126 F.3d 206, 212-14 (3d Cir. 1997); *see also Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993) ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). *But see Christy v. Horn*, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim"). Of note, the one-year statute of limitations enacted by AEDPA in 1961 is not statutorily tolled by the premature filing of a federal habeas petition thus federal courts may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. *See Duncan v. Walker*, 533 U.S. 167 (2001), Petitioner has requested such a stay so that she can exhaust, in state court, her claims that her counsel was ineffective and to preserve jurisdiction under § 2254 should she be released from custody before her state court review is fully exhausted.

At the time *Lundy* was decided, there was no statute of limitations on the filing of federal habeas petitions. Because of the one-year limitations period, however, dismissal of a timely-filed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition

---

[1] Title 28 U.S.C. § 2244(d)(1)(A) provides for a one-year period of limitations from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, subject to various statutory and equitable tolling considerations.

pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) (referencing petitions containing both exhausted and unexhausted claims); *see also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that a petition could be eligible for stay even where only unexhausted claims are asserted). Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews*, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in *Crews*.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition . . . . For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and

back." *Id.* at 278. *See also Crews*, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state postconviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, dismissal of this § 2254 petition without prejudice for failure to exhaust would put Petitioner at risk of forever being barred from presenting her claims in federal court because of the "in custody" requirement for bringing a § 2254 habeas petition.

To invoke habeas corpus review by a federal court, a federal habeas petitioner must satisfy two jurisdictional requirements, one showing that he/she is "in custody," within the meaning of this term of art, and another showing that he/she is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005), *cert. denied*, 545 U.S. 1149 (2005); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("[F]or a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed.")

The "in custody" requirement includes several distinct conditions. One of these is that the petitioner must be in custody when his/her federal habeas application is filed; another is that the petitioner must be held in custody under the particular determination he/she is attacking in the petition. *Maleng*, 490 U.S. at 490–91; *see also Spencer v. Kemna*, 523 U.S. 1 (1998). The term "custody" extends beyond physical confinement, and encompasses other "significant restraints on . . . liberty" that are "not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236,

7

240 (1963). The requirement is satisfied when a petitioner is on probation. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) ("It is . . . clear that being on probation meets the 'in custody' requirement for purposes of the habeas statute."). "In making a custody determination, [federal courts look] to the date that the habeas petition was filed." *Barry v. Bergen County Prob. Dept.*, 128 F.3d 152, 159 (3d Cir. 1997), *cert. denied*, 522 U.S. 1136 (1998); *see also Lee*, 357 F.3d at 342 ("[W]hat matters for the 'in custody' requirement is whether the petitioner was in custody at the time his habeas petition was filed.").

After a petitioner's release from custody, his/her habeas case is considered moot unless the petitioner "can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." *DeFoy*, 393 F.3d at 441-42, 442 n. 3. Significantly, though, courts may presume "collateral consequences when a litigant challenges a criminal conviction." *United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002) (citing *Sibron v. New York*, 392 U.S. 40 (1968)); *see also Spencer v. Kemna*, 523 U.S. at 8 ("In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences . . . .").

In this case, the Court finds that Petitioner would suffer collateral consequences should her criminal conviction be allowed to stand. Moreover, this Court finds that, as appears from the habeas petition submitted, Petitioner has been diligent in pursuing her state court remedies as she awaits final determination on her petition for certification pending before the Supreme Court of New Jersey. Therefore, in the interests of justice, this Court will stay Count II of this § 2254 habeas petition challenging Petitioner's 2009 state court judgment of conviction pending final decision on Petitioner's state court collateral review. Further, this Court will issue Petitioner a separate Notice and Order under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) herein. Petitioner

shall have 45 days from the date the Supreme Court has rendered a decision on her pending New Jersey Supreme Court petition for certification from denial of Petitioner's state PCR petition to file a motion to lift the stay on Count II of this petition.

### B. Claim for Immediate Release from Custody

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies); *Brown v. Fauver*, 819 F.2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under § 1983).

In Count I of this habeas petition, Petitioner is challenging the legality of her continuing custody in order to secure release from what she contends is illegal custody due to miscalculation of commutation and minimum credits against her prison sentence. *See Preiser*, 411 U.S. at 484. In essence, Petitioner appears to dispute the State's calculation of her sentence and the failure to award commutation and other credits that would shorten the term of her prison sentence. It is not entirely clear from the allegations in the petition that Petitioner has exhausted her state court

9

remedies on Count I before proceeding with this federal habeas petition, as required under 28 U.S.C. § 2254(b)(1)(A). Petitioner indicates that she had challenged her prison disciplinary sanctions, and the matter was remanded and reversed in her favor by the Appellate Division. This may suggest that Petitioner exhausted her claim on Count I of this petition seeking restoration of commutation credits and immediate release from prison.

Accordingly, this Court will direct the Respondent to answer the petition with regard to Count I and the issue of exhaustion. Further, Respondent's answer, together with the relevant record, shall be provided to the Court in an expedited time frame given the exigency of Petitioner's claim that she is being confined beyond her maximum release date.

## CONCLUSION

For the foregoing reasons, the Court will issue a *Mason* Order with respect to Count II of the petition, in which Petitioner is challenging her state court conviction. However, because this claim is admittedly unexhausted and pending on collateral review before the Supreme Court of New Jersey, Count II of the petition will be stayed until the Supreme Court of New Jersey has rendered a decision on Petitioner's appeal from denial of her first state PCR petition. Further, on Count I wherein Petitioner is challenging her sentence and the calculation of commutation credits what would result in Petitioner's earlier release, this Court will direct the Respondent to provide an answer and the relevant record in response to Count I allegations and the issue of exhaustion in an expedited manner as prescribed in an accompanying Order filed herewith.

MICHAEL A. SHIPP
United States District Court