UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALEXANDRA CHAVARRIAGA,

              Petitioner,

v.

GARY M. LANIGAN,

              Respondent.

Civil Action No. 12-7700 (MAS)

**MEMORANDUM AND ORDER**

**THIS MATTER** having come before the Court on Petitioner Alexandra Chavarriaga's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. It appearing that:

1. In a Memorandum Opinion and Order filed on January 24, 2013, this Court found that Count II of the habeas petition was unexhausted and stayed the habeas action pending the outcome of Petitioner's state court collateral review proceedings. However, the first count seeking immediate release was scheduled for prompt review after the State filed a response to that count of the petition. (ECF Nos. 5, 6.)

2. On March 15, 2013, this Court dismissed with prejudice Count I of the habeas petition. (ECF Nos. 16, 17.) Count II of the petition remained stayed at that time.

3. On October 17, 2013, counsel for Petitioner informed the Court that the United States Supreme Court had denied certiorari with regard to Petitioner's appeal from her New Jersey state court conviction. (ECF No. 23.) On December 6, 2013, Petitioner's counsel wrote to the Court advising that the remaining Count II is now ripe for adjudication and filed a motion for judgment on the pleadings. (ECF No. 24.)

1

4. On December 11, 2013, the State wrote to the Court noting that Petitioner's motion for judgment on the pleadings was premature because no order had issued directing the State to answer the petition. (ECF No. 25.)

5. On May 30, 2014, the Court issued an Order re-opening this case and directing the Respondents to file an answer to the § 2254 habeas petition. (ECF No. 26.)

6. On November 5, 2014, the Court granted Respondent's request for an extension of time to file an answer, and directed Respondent to file an answer no later than November 21, 2014. (ECF No. 30.)

7. On May 4, 2015, the Court issued a show-cause order, directing Respondent to explain why an answer had not been filed. (ECF No. 31.)

8. On May 5, 2015, Respondent responded to the Court's order, stating that an answer had been filed with the Court in July of 2014, but due to a possible clerical error, the Court never received the documents. (ECF No. 32.) As part of his response, Respondent included a copy of the brief filed as part of the Answer.

9. However, because the Court never received the full Answer, nothing from the state court record is before the Court, except Respondent's brief, and the decision of the Appellate Division denying post-conviction relief, which is available on Westlaw. *See State v. Chavarriaga*, Indictment No. 08-12-0898, 2012 WL 4120336 (N.J. Super. Ct. App. Div. Sept. 20, 2012). Without the relevant record from the state court proceedings, the Court cannot conduct a meaningful review of Petitioner's habeas claims.

10. Furthermore, it also appears that Petitioner may no longer be in custody for her sentence and conviction; the Court's search of the New Jersey Prisoner Database reveals that no one with the last name of Chavarriaga is currently incarcerated within the New Jersey prison system. If

Petitioner is indeed no longer in custody, then Respondent has failed to comply with the Court's May 30, 2014 Order, that "within 7 days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court." (ECF No. 26 at 4.)

IT IS therefore on this 1st day of July, 2015,

ORDERED that, within thirty (30) days from the date of entry of this Order, Respondent shall supplement his Answer by adhering to the requirements of Rule 5 of the Habeas Rules in providing the relevant state court record of proceedings, in particular, the Answer "shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall also be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer"; it is further

ORDERED that the supplement shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the Answer; it is further

ORDERED that Respondents shall electronically file the exhibits and the list of exhibits; it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

3

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX"** or

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**;

and it is further

**ORDERED** that, within seven (7) days from the date of entry of this Order, Respondent shall update the Court regarding Petitioner's current custody status.

*[signature]*
Michael A. Shipp, U.S.D.J.