UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRA CHAVARRIAGA, | : |
| Petitioner, | : Civil Action No. 12-7700 (MAS) |
| v. | : MEMORANDUM AND ORDER |
| GARY M. LANIGAN, | : |
| Respondent. | : |

**THIS MATTER** having come before the Court on Petitioner Alexandra Chavarriaga's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. It appearing that:

1. In a Memorandum Opinion and Order filed on January 24, 2013, this Court found that Count II of the habeas petition was unexhausted and stayed the habeas action pending the outcome of Petitioner's state court collateral review proceedings. However, the first count seeking immediate release was scheduled for prompt review after the State filed a response to that count of the petition. (ECF Nos. 5, 6.) On March 15, 2013, this Court dismissed with prejudice Count I of the habeas petition. (ECF Nos. 16, 17.)

2. On December 6, 2013, Petitioner moved to reopen after exhausting state court remedies on Count II. (ECF No. 24.) On May 30, 2014, the Court reopened the case and ordered Respondent to file an answer addressing Count II of the Petition. (ECF No. 25.) In July of 2014, Respondent filed an answer. (*See* ECF No. 32.)

3. In Count II, one of Petitioner's arguments for relief is that:

> Defense counsel stated that if Petitioner were convicted on all counts, she would spend the rest of her life behind bars; the presiding judge stated that petitioner's exposure was "125 years"; [however, counsel erred because] as a matter of law, the maximum legal sentence following conviction on all 24 counts was either ten years

1

***by operation of merger***, or 15 years by operation of controlling New Jersey Supreme Court precedent.

(ECF No. 1 at 9) (emphasis added). In the Answer, Respondent did not fully address this merger claim. More specifically, Respondent did not address Petitioner's argument that "[u]nder New Jersey law, the 24 counts of the indictment cannot be stacked as consecutive sentences. Rather, the first 23 counts must merge for sentencing into Count 24. *See State v. Hill*, 182 N.J. 532, 542 (2005). Nevertheless, the judgment of conviction enumerates 24 separate convictions, in direct disregard of N.J.S.A. 2C: 1-8." (ECF No. 33 at 2.)[1]

4. Before the Court can rule on Petitioner's ineffective assistance of counsel claim, the Court must ascertain the validity and the extent of Petitioner's merger argument; that is, to what degree were the state court and/or the prosecutors compelled, under state law, to merge the various counts had this case gone to trial and a guilty verdict was returned as to all counts, and whether trial counsel was ineffective in advising Petitioner on the effects of any potential merger with regard to Petitioner's maximum sentencing exposure.

**IT IS** therefore on this 23 day of July, 2015,

**ORDERED** that, within twenty-one (21) days from the date of entry of this Order, Respondent shall supplement his Answer with additional briefing on the merger issue as directed above; and it is further

---

[1] Count 24 of Petitioner's indictment stated that Petitioner was being indicted for

> . . . purposely [] obtain[ing] the property of multiple persons and businesses with a total value in excess of $75,000.00 by deception, that is, by creating or reinforcing the false impression that she was authorized to utilize the American Express credit card of the Ross Public Affairs Group and by creating or reinforcing the false impression that various checks drawn on the accounts of Stephen Ross and the Ross Public Affairs Group were good and negotiable . . .

(ECF No. 37-3 at 10.) It appears to the Court that Count 24 was indeed charged as an aggregate offense as Petitioner asserts.

2

**ORDERED** that Petitioner shall have fourteen (14) days after the filing of Respondent's supplemental briefing to file a reply.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.