**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRA CHAVARRIAGA, | Civil Action No. 12-7700 (MAS) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| GARY M. LANIGAN, | |
| Respondent. | |

**SHIPP, District Judge**

Petitioner Alexandra Chavarriaga ("Petitioner"), by and through counsel Fredric J. Gross, Esq., files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State of New Jersey for forgery, theft, and other related crimes. The Court previously dismissed Count One of the Petition, and stayed Ground Two pending the exhaustion of state court remedies. (Order, Mar. 15, 2013, ECF No. 17.) Petitioner then moved to reopen the case after exhaustion, and the Court ordered an answer from Respondent on Count Two. (Order, May 30, 2014, ECF No. 26.) Respondent has filed a Response, and Petitioner has filed a Traverse, so Count Two of the Petition is now ripe for disposition. For the reasons stated below, the Court denies the Petition.

**I.    FACTUAL BACKGROUND**

Petitioner pled guilty in the Superior Court of New Jersey to crimes reflected in a twenty-four-count indictment, including forgery, fraudulent use of a credit card, theft by deception, and

other related crimes.[1] Petitioner was sentenced to a seven-year term of imprisonment, the agreed-upon sentence in the plea agreement. Petitioner was also ordered to pay restitution in the amount of $257,712. Petitioner admitted to factual guilt on all counts.

During the plea negotiations and at the plea hearing, both Petitioner's counsel and the trial court advised Petitioner that under "extraordinary circumstances," she could be facing up to a statutory maximum sentence of 125 years imprisonment if convicted of all twenty four counts at trial, and if the trial court did not merge any of the counts and imposed consecutive sentences. Faced with the possibility of such a draconian punishment, Petitioner accepted her plea.

Petitioner then filed for post-conviction relief ("PCR"). On PCR, Petitioner argued that (1) she received ineffective assistance of counsel during plea negotiations, because counsel's advice, that she faced up to 125 years imprisonment, was erroneous, and it improperly induced her to plead guilty; (2) counsel was ineffective because he did not adequately prepare and investigate her case for possible defenses, even though she informed him that she was innocent of the crimes; and (3) counsel was ineffective because he did not challenge the amount of restitution as exceeding the total loss asserted in the indictment. (Pet'r's PCR Br. 7, ECF No. 37-11.) The appellate court, in affirming the denial of PCR, found that Petitioner did not show that she was prejudiced by the alleged ineffective assistance. *Chavarriaga*, slip op. at 8. Petitioner then sought review by the New Jersey Supreme Court, and while that review was pending, Petitioner filed the instant Petition to protect against running afoul of the statute of limitations. (Pet. 2, ECF No. 1.)

In the instant Petition, Petitioner raises several grounds for relief, organized into two counts. Count One, which the Court previously addressed as indicated above, concerned claims

---

[1] All facts referenced herein, unless otherwise cited, are from the appellate court's decision affirming the denial of post-conviction relief in *State v. Chavarriaga*, No. A-3588-10T4, slip op. at 3-6 (N.J. Super. Ct. App. Div. Sept. 20, 2012), ECF No. 37-12.

for loss of jail time credits, and thus was unrelated to the PCR claims. *Id.* at 4. In Count Two, Petitioner raises the same claims that she raised on PCR. *Id.* at 9. The instant Memorandum Opinion addresses only the claims in Count Two.

## II. **STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a claim has been adjudicated on the merits in state court proceedings, a writ of habeas corpus shall not issue unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012).

A state-court decision involves an "unreasonable application" of clearly established federal law if the state court (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case; or (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Federal courts must follow a highly deferential standard when evaluating, and thus give the benefit of the doubt to, state court decisions. *See Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013). A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable in light of the evidence presented in the state-court

3

proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Rice v. Collins*, 546 U.S. 333, 339 (2006) (finding that petitioner bears the burden of rebutting presumption by clear and convincing evidence); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (finding that factual determinations of state trial and appellate courts are presumed to be correct).

### III. DISCUSSION

#### A. Ineffective Assistance Concerning Plea

First, the Court addresses Petitioner's claim that she received erroneous advice from counsel during plea negotiations. Petitioner asserts that counsel's advice—that she could face up to 125 years imprisonment—was erroneous because under state law, the trial court was required to merge all counts in the indictment, and impose a statutory maximum sentence of either ten or fifteen years. (Pet. 9.) The implication is that had she been told of the real maximum sentence, she would not have agreed to the guilty plea. The appellate court found that Petitioner was not prejudiced by counsel's alleged erroneous advice. The Court finds the appellate court's holding reasonable.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions

4

of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[2] To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 1089 (quoting *Strickland*, 466 U.S. at 695).

The same two-part standard is applicable to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the plea context, "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014). The defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Jesus-Nunez*, 576 F. App'x 103, 106 (3d Cir. 2014) (quoting *Hill*, 474 U.S. at 59).

Here, after Respondent filed his Answer, the Court ordered the parties to submit supplemental briefing, to specifically address the issue of merger raised by Petitioner. (Order, July 27, 2015, ECF No. 38.) Respondent then filed a nine-page brief detailing his arguments on why the trial court was not required to merge all counts, and therefore counsel's advice was not

---

[2] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

5

erroneous. (*See* Resp't's Suppl. Br., ECF No. 39.) Petitioner filed her own supplemental brief after Respondent's, almost two weeks later, but provided no argument regarding the issue of merger. Instead, Petitioner argued that "[Respondent] continues to blithely disregard facts requiring a ruling favoring the Petitioner. For example, nowhere has the prosecution responded to the fact that the sentence imposed orders restitution of almost $280,000, although the indictment asserted losses far less than that amount." (Pet'r's Suppl. Br. 1, ECF No. 40.) The argument regarding restitution, however, was not responsive to the Court's order. As such, Petitioner has not rebutted Respondent's arguments that counsel was not ineffective, because technically, the trial court could have imposed a sentence of 125 years imprisonment.

Nonetheless, the Court recognizes the basis of Petitioner's argument, regardless of whether the trial court technically could have imposed a 125-year sentence. The trial court stated that under "extraordinary circumstances" Petitioner could have been sentenced to imprisonment for the rest of her life. This Court, however, cannot imagine a scenario where a defendant, guilty of non-violent offenses based on defrauding a total of $257,712, would have received anything close to 125 years imprisonment at sentencing, even if the defendant did not accept the plea and was found guilty on all counts at trial. To a lay person, there is a material difference between being told that a maximum sentence could be 125 years, when realistically, a potential sentence would be much less than that. The record is silent as to whether counsel had fully apprised Petitioner of that reality.

Even if the Court accepts Petitioner's assertion that the realistic maximum sentence should have been between ten to fifteen years as true, the Court finds the appellate court's holding to be reasonable. Petitioner offers no evidence showing that had she been given a more realistic assessment of her potential sentence, she would not have accepted the plea. The plea deal of seven years imprisonment was still significantly less than Petitioner's own asserted maximum sentence—indeed, it was less than half of what Petitioner concedes as the maximum. As such, the

6

plea offer was still a very good offer even accepting Petitioner's assertion as true. Had counsel informed Petitioner that she faced a fifteen-year maximum sentence, the Court sees no reason why she would not have accepted that deal, and she has offered no evidence showing otherwise. On a federal habeas petition, Petitioner is required to rebut the presumption of correctness this Court must afford to the state court's findings through clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (stating that "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Petitioner has not done so here. Therefore, the Court finds that the state court's ruling on this claim was a reasonable application of Supreme Court law, based on a reasonable determination of the facts, and Petitioner is not entitled to relief on this ground.

### B. Ineffective Assistance For Failure to Investigate

Having found that Petitioner cannot prevail on her claim of ineffective assistance regarding the guilty plea, thus the plea remains intact, the Court now addresses Petitioner's claim that counsel failed to properly investigate her case for potential defenses. The Court finds that Petitioner waived such a claim by virtue of her guilty plea.

When a defendant enters into a counseled, intelligent, and voluntary plea agreement, "[s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Whitmer*, 505 F. App'x 167, 173 (3d Cir. 2012). By pleading guilty, not only did Petitioner waive her right to raise any affirmative defenses at trial, she also waived any potential ineffective assistance of counsel claims relating to the counsel's failure to discover those defenses prior to the guilty plea. *See Miller v. Janecka*, 558 F. App'x 800, 803 (10th Cir. 2014) (finding that claim of inadequate investigation by counsel prior to the plea, which did not challenge the validity of the plea itself, was waived); *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) (finding

that ineffective assistance of counsel claim, alleging counsel's failure to raise an affirmative defense based on the lack of an indictment, was waived by guilty plea because it did not challenge the voluntary and intelligent nature of the plea itself); *Lupinacci v. New Jersey*, No. 13-5578, 2015 WL 505880, at *4 (D.N.J. Feb. 6, 2015) (holding that *Tollett* barred claims of ineffective assistance of counsel that occurred prior to the plea agreement and were not related to the voluntary nature of the plea).

Here, the Court has already considered, and rejected, Petitioner's claim that her plea was not knowing and voluntary. Thus, pursuant to *Tollett*, Petitioner waived all of her constitutional claims, including her ineffective assistance claim regarding counsel's failure to investigate, when she agreed to plead guilty and admitted to factual guilt. If Petitioner truly believed that she was innocent of the crimes, and wished to challenge the indictment at trial to prove her innocence, she could have simply chosen to reject the plea agreement. "A counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975). Accordingly, the Court denies relief on this ground.

### C. Ineffective Assistance Regarding Restitution

Finally, the Court finds that it lacks jurisdiction to adjudicate Petitioner's claim regarding restitution. "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *only on the ground that [s]he is in custody in violation* of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Although the Third Circuit has not ruled on the issue of whether challenges to restitution are cognizable in habeas petitions, *see Gardner v. Bledsoe*, 415 F. App'x 384, 386 n.2 (3d Cir. 2011), other circuit courts have held that they are not. *See, e.g., United States v. Bania*, 787 F.3d 1168, 1173 (7th Cir. 2015)

(finding that a § 2255 motion "cannot be used as a vehicle for challenging the restitution component of a sentence"); *Shepard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013) (finding that petitioner "cannot challenge the restitution portion of his sentence under section 2255, because the statute affords relief only to prisoners claiming a right to be released from custody," even when his claim is one of ineffective assistance of counsel); *United States v. George*, 411 F. App'x 31, 33 n.1 (9th Cir. 2010) (stating that "a § 2255 motion may not be used to challenge [the restitution] aspect[] of a sentence."); *Kirby v. Janecka*, 379 F. App'x 781, 783 (10th Cir. 2010) (finding habeas challenge to restitution order not cognizable under § 2254 because it does not challenge the validity of petitioner's custody). As the Second Circuit explained:

> Habeas lies to allow attacks on wrongful custodies. There is therefore no reason why the presence of a plausible claim against a custodial punishment should make a noncustodial punishment more amenable to collateral review than it otherwise might be. . . . Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties. And, the mere fact that the sentencing court chose to impose incarceration on a defendant in addition to restitution does not, as to the restitution order, distinguish that defendant from someone who, having been convicted, received a punishment that did not include any custodial element.

*Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003). Other courts in this district have reached the same conclusion. *See Kolasinac v. United States*, No. 13-1397, 2016 WL 1382145, at *5 (D.N.J. Apr. 7, 2016); *Judge v. United States*, 119 F. Supp. 3d 270, 282 (D.N.J. 2015); *Royal v. Balicki*, No. 07-5234, 2009 WL 137335, at *13 n.7 (D.N.J. Jan. 20, 2009). Indeed, the Third Circuit has held that an order of restitution is insufficient to satisfy the "in custody" requirement of a habeas petition, suggesting that a restitution order does not implicate a petitioner's custody status. *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003).

The Court is in agreement with its sister courts in this district as well as other circuit courts around the country, and finds that restitution orders are not challengeable on a federal habeas petition, because they do not challenge a habeas petitioner's custody, as required by § 2254. As such, the Court denies relief on this ground for lack of jurisdiction.

### D. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of her constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons set forth above, the Petition is DENIED, and the Court DENIES a certificate of appealability.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 7/19/17